IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELLEN F. GROSS <br> 2757 Cameron Road <br> Falls Church, Virginia 22042 <br><br> Plaintiff, <br><br> v. <br><br> LOGISTICS SUPPORT, INC. <br> 2611 Jefferson Davis Hwy., Suite 12000 <br> Arlington, VA 22202 <br><br> Serve:  Charles R. Senerius <br> 1100 New Jersey Avenue, SE, Suite 850 <br> Washington, D.C. 20003 <br><br> Defendant. | Civil Action No. 1:12cv01531 |

## COMPLAINT

Plaintiff ELLEN F. GROSS, by counsel, moves this Court for entry of judgment in her favor, and against the Defendant, LOGISTICS SUPPORT, INC., and in support of such Complaint, alleges and avers as follows:

## NATURE OF ACTION

1. This action sets forth a claim of unlawful discharge under Title VII of the Federal Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Amendments of 1977, 42 U.S.C. §§ 2000e, et seq., against Defendant Logistics Support, Inc.

## PARTIES

2. Plaintiff Ellen F. Gross ("Ms. Gross") is a resident and citizen of Fairfax County in the Commonwealth of Virginia.

3. Defendant Logistics Support, Inc. ("Logistics Support") is a Virginia corporation registered to do business in the District of Columbia.

4. Ms. Gross was an "employee" of Logistics Support within the meaning of 42 U.S.C. § 2000e(f).

5. Logistics Support was Ms. Gross' "employer" within the meaning of 42 U.S.C. § 2000e(b).

**JURISDICTION**

6. This Court has original jurisdiction over Ms. Gross' claim under 28 U.S.C. § 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3).

7. The amount in controversy in this action exceeds the jurisdictional minimum amount for this Court.

8. Logistics Support was present in and regularly conducted business in the District of Columbia during the time of Ms. Gross' employment with Logistics Support.

9. Logistics Support is subject to the personal jurisdiction of this Court.

**VENUE**

10. Logistics Support was present in and regularly conducted affairs and business activities in the District of Columbia during the time of Ms. Gross' employment with Logistics Support.

11. The cause of action alleged in this action, and the conduct giving rise to the cause of action, arose and occurred in the District of Columbia.

12. The unlawful employment practice committed by Logistics Support in this case occurred in the District of Columbia, and Ms. Gross' employment would have continued in the District of Columbia but for the unlawful employment practice committed by Logistics Support.

13. Venue over Ms. Gross' claim is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, 1332, and 1343(a)(4).

## PROCEDURAL STATUS

14. Ms. Gross' employment was terminated on June 22, 2011. She timely filed an administrative Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 20, 2011.

15. On June 28, 2012, the EEOC issued Ms. Gross a Right to Sue letter (**Att. 1**).

16. This action is timely filed and all procedural prerequisites to suit have been met.

## FACTS

17. Ms. Gross began working at Logistics Support as an Exempt HR Manager on February 1, 2010 at Logistics Support's Washington, DC office.

18. Ms. Gross handled all of Logistics Support's HR needs, including recruiting.

19. Ms. Gross worked 24 hours per week and received a salary of $44,928 per year.

20. Ms. Gross consistently performed her job duties in a more than satisfactory manner. Indeed, on February 1, 2011, Ms. Gross received a 24.5% pay increase due to her excellent performance.

21. In April 2011, Ms. Gross referred Kathy Meyer ("Ms. Meyer") to Logistics Support. Ms. Gross had worked with Ms. Meyer prior to her employment at Logistics Support.

22. Logistics Support hired Ms. Meyer as a Recruiter to support a contract that Logistics Support had recently won, the SOM-ERP contract.

23. Ms. Meyer was hired as a full-time exempt Recruiter with a salary of $90,000 per year.

24. Ms. Meyer was unable to obtain a SECRET-level security clearance and was therefore unable to perform billable work, so she had to bill to overhead.

25. On May 30, 2011, Ms. Gross told Logistics Support's CEO, Dave Compton ("Mr. Compton") and COO, Steve MacDonald ("Mr. MacDonald") that she was pregnant.

26. On June 22, 2011, Mr. Compton and Mr. MacDonald informed Ms. Gross that she was terminated due to financial cutbacks.

27. Mr. Compton stated that Ms. Gross was being terminated due to Logistics Support's need for financial cutbacks due to a loss of revenue. He further stated that Ms. Gross had no performance issues.

28. After Ms. Gross was terminated, Logistics Support placed Ms. Meyer in Ms. Gross' previous position, with the same functions and responsibilities.

29. Ms. Meyer was not pregnant at the time she was placed in Ms. Gross' previous position.

30. Ms. Meyer was less qualified and less experienced for the position Ms. Gross previously held, as evidenced in part by Ms. Meyer's emails to Ms. Gross in June 2011 in which Ms. Meyer asked Ms. Gross how to perform the duties of the position.

31. Ms. Meyer received a salary of $90,000 per year, much higher than Ms. Gross' previous salary of $55,972.80.

32. Logistics Support's claim that it terminated Ms. Gross due to financial cutbacks was untrue, since Logistics Support replaced Ms. Gross with a non-pregnant employee and paid her a higher salary.

33. In addition, newsletters and press releases issued by Logistics Support in the 2011 time period indicated that the company was doing well financially, with certain key contract wins and was able to afford making certain key employee hires during the year.

34. Logistics Support, in terminating Ms. Gross shortly after she announced her pregnancy, discriminated against Ms. Gross due to her pregnancy.

35. As a direct and proximate result of the conduct of Logistics Support, Ms. Gross suffered damages, including but not limited to, emotional and mental distress, lost wages, salary, health benefits, employment benefits, and other compensation.

### COUNT ONE:

### VIOLATION OF TITLE VII OF THE FEDERAL CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE PREGNANCY DISCRIMINATION AMENDMENTS OF 1977

36. The foregoing allegations are incorporated as if realleged herein.

37. Logistics Support's action in firing Ms. Gross shortly after her announced pregnancy constituted a violation of Title VII of the Federal Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Amendments of 1977, 42 U.S. C. §§ 2000e, et seq.

38. As a direct and proximate result of the unlawful discharge, Ms. Gross has suffered damages, including past and future loss of income and benefits of employment, lost career opportunities and advancement, other past and future pecuniary losses, emotional stress, inconvenience, embarrassment, and humiliation.

39. Because Logistics Support carried out the discharge described above with malice and reckless indifference to the federally protected rights of Ms. Gross, see Section 109(b) of the Civil Rights Act of 1991, Ms. Gross is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELLEN F. GROSS requests that this Court enter judgment in her favor and against Defendant LOGISTICS SUPPORT, INC., on the above Count One; and further:

(a) Award Ms. Gross punitive damages, in an amount to be established at trial;

(b) Award Ms. Gross all damages as described in ¶ 38 above, in amounts to be established at trial, including front pay and back pay, all lost income and benefits of employment both past and future, and compensatory damages for emotional stress, inconvenience, embarrassment, and humiliation;

(c) Award Ms. Gross appropriate pre-judgment and post-judgment interest;

(d) Award Ms. Gross appropriate injunctive relief;

(e) Award Ms. Gross her attorney's fees and costs in this action, including costs and fees of expert witnesses; and

(f) Award Ms. Gross such other and further relief as may be appropriate.

## JURY DEMAND

**PLAINTIFF ELLEN F. GROSS DEMANDS A TRIAL BY JURY.**

September 14, 2012                                    Respectfully submitted,


                                                       __/s/ Brian A. Scotti_____
                                                     Peter C. Cohen
                                                     D.C. Bar No. 413247
                                                   pcohen@cbcblaw.com
                                                   Brian A. Scotti
                                                   D.C. Bar No. 497125
                                                   bscotti@cbcblaw.com
                                                   CHARLSON BREDEHOFT COHEN
                                                     BROWN & SAKATA, P.C.
                                                   11260 Roger Bacon Drive, Suite 201
                                                   Reston, Virginia 20190
                                                   (703) 318-6800 Telephone
                                                   (703) 318-6808 Fax

                                                   *Counsel for Plaintiff,*
                                                    *Ellen F. Gross*